# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

GREGORY COOPER,                                Case No. 0:16-cv-02900-MJD-KMM]

Plaintiff,

v.                                             **REPORT AND RECOMMENDATION**

B. TRUE, Warden; BOP
DESIGNATION CENTER, TEXAS;
and DULUTH FEDERAL PRISON
CAMP,

Defendants.

Gregory Cooper, 45649-054, Federal Prison Camp Duluth, P.O. Box 1000, Duluth, MN 55814, pro se plaintiff

Ana H. Voss, Bahram Samie, and D. Gerald Wilhelm, Assistant United States Attorneys, United States Attorney's Office, 300 S. 4th Street, Suite 600, Minneapolis, MN, 55415, counsel for defendants

This matter is before the Court on the motion for a default judgment filed by the plaintiff Gregory Cooper. ECF No. 17. For the reasons that follow, the Court concludes that the motion for default judgment should be denied.

## I.    The Complaint

Mr. Cooper is an inmate at the federal prison camp in Duluth, Minnesota ("FPC Duluth"). In this action, Mr. Cooper alleges that the defendants, which include, FPC Duluth, its Warden, and the Designation Center, Texas ("DCT"), a division of the federal Bureau of Prisons ("BOP"), are violating his constitutional

rights by preventing him from practicing is religion.  Specifically, Mr. Cooper alleges

that he is an observant practitioner of Judaism and that his religious practices require

participation in a "Minyan," which is a group "assembled of at least 10 Jewish males

over the age of 13."  ECF No. 1 at 4.  There are, however, an insufficient number of

observant Jewish males located at FPC Duluth.  As a result, no Minyan can be formed

there and Mr. Cooper cannot exercise his religion.  *Id.* at 5.  He asked the BOP to

transfer him from FPC Duluth to a comparable facility located in Brooklyn, New

York ("MDC Brooklyn"), which has a "full time Rabbi on paid staff and a Minyan

already in place."  *Id.*  His request for a transfer was denied, *id.*, and through this

lawsuit he seeks "transfer back to New York that he may practice his faith," *id.* at 7.

## II.     Procedural History

On August 26, 2016, Mr. Cooper originally filed this case as a petition for a writ

of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, and applied to proceed *in forma*

*pauperis*, ECF No. 2 ("IFP application").  On September 7, 2016, the Court explained

that Mr. Cooper was not challenging the validity of his conviction or the length of his

sentence so a writ of habeas corpus was not the proper remedy.  ECF No. 3.  The

Court instructed Mr. Cooper to advise whether he would consent to construction of

his lawsuit as one seeking relief under *Bivens v. Six Unknown Named Agents of the Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id.* at 2.  On October 4, 2016, Mr. Cooper

consented to the characterization of his lawsuit as a *Bivens* action.  ECF No. 7.  On

October 6, 2016, the Court granted his IFP application and instructed Mr. Cooper to

complete Marshal Service Forms so that the U.S. Marshal could serve the defendants. *Id.*

On October 7, 2016, the Clerk's Office sent Mr. Cooper one service form per defendant. ECF No. 10. Mr. Cooper promptly sent completed Marshal Service Forms back to the Clerk of Court, and a Summons was issued for each defendant on October 14, 2016. ECF No. 15.

Two months passed without a submission from the defendants. No doubt eager to move his case forward, on December 16, 2016, Mr. Cooper filed the pending motion for default judgment. ECF No. 17. In his motion, Mr. Cooper asserts that the Court "[o]rdered the United States to respond to [his] Complaint and Motion for Preliminary Injunctive Relief."[1] *Id.* at 1. Because Mr. Cooper sent service forms to the Clerk of Court on October 13th or October 14th, he asserts that the defendants "failed to timely answer." *See id.* He also explains that he missed the opportunity to celebrate Jewish holidays in the intervening weeks because he has not been transferred to a facility where a Minyan can be formed. *Id.* at 1-2.

The United States Marshal served the United States Attorney's Office with the Summons and Complaint on December 14, 2016. Decl. of Bahram Samie ("Samie

---

[1]     Before the Court granted Mr. Cooper's IFP application and ordered the Marshal to serve the Complaint, on September 30, 2016, Mr. Cooper filed a motion for a preliminary injunction. ECF No. 4. That motion remains pending as does Mr. Cooper's Motion to Expand the Claims in the Original Complaint. ECF No. 12. The Court will address these motions in a separate report and recommendation.

Decl.") ¶ 2, Ex. A, ECF No. 19.  The Marshal served Duluth Prison Camp on

December 16, 2016.  Samie Decl. ¶ 3.  According to the defendants, as of January 5,

2017, the DCT, Warden B. True, and the United States Attorney General's Office

have not been served with the Summons and Complaint.  *Id.* ¶¶ 3-4.

## III.   Motion for Default Judgment

"[E]ntry of default under Rule 55(a) must precede grant of a default judgment

under Rule 55(b)."  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

"[E]ntry of default judgment . . . [is] committed to [the] sound discretion of district

court."  *U.S. on Behalf of & for the Use of Time Equipment Rental & Sales, Inc. v. Harre*, 983

F.2d 128, 130 (8th Cir.1993).  When requested by a party, a court may enter default

judgment against a party who "has failed to plead or otherwise defend. . . ."  *Norsyn,*

*Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003); Fed. R. Civ. P. 55(a)-(b).  "If the party

against whom a default judgment is sought has incurred no obligation under the

Federal Rules of Civil Procedure to 'plead or otherwise defend' the action, the district

court does not abuse its discretion in refusing to grant such relief.  In fact, the

converse is true."  *Id.*  Moreover, default judgment is "only appropriate where there

has been a clear record of delay or contumacious conduct," *Taylor v. City of Baldwin,*

*Mo.*, 859 F.2d 1330, 1332 (8th Cir. 1988), and "entry of default judgment should be a

rare judicial act," *Comiskey v. JFTJ Corp.*, 989 F2d 1007, 1009 (8th Cir. 1993) (internal

citations and quotation marks omitted).

Entry of default judgment in this case is improper for several reasons.  First, because there has been no entry of default under Rule 55(a), the Court should not enter default judgment against any of the defendants under Rule 55(b).  *See Johnson*, 140 F.3d at 783 ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

Second, entry of default judgment would be inappropriate because none of the defendants has yet missed a deadline to respond to the Complaint.  Because Mr. Cooper has named defendants that include an individual federal officer (the FPC Warden), a division of a federal agency (the DCT), and a federal institution (FPC Duluth), his complaint may be construed as containing both official-capacity claims and individual-capacity claims.  Rule 4(i) governs service on the United States and its agencies, officers, and employees.  To serve a United States agency, or an officer or employee sued in his official capacity, a party must (1) deliver a copy of the summons and complaint personally or by registered or certified mail to the United States Attorney (or a designated subordinate) for the district where the action is brought; (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) send a copy of each by registered or certified mail to the agency, officer, or employee.  Fed. R. Civ. P. 4(i)(1) and 4(i)2).  For individual-capacity claims against a federal officer or employee, a party must serve the United States in the same manner as required by Rule 4(i)(1) and serve the officer or employee according to Rule 4(e), (f), or (g).  Fed. R. Civ. P. 4(i)(3).

Here, the record reflects that the U.S. Marshal served the Summons and Complaint

on the United States Attorney's Office on December 14, 2016, and on FPC Duluth

on December 16, 2016. As a result, service in this case appears to be only partially

complete, and would not require a response until sixty days after December 14, 2016

at the earliest. Fed. R. Civ. P. 12(a)(2). In addition, the Court notes that the record is

somewhat unclear whether service has been completed for the DCT,[2] and it appears

that service has not been accomplished on the Warden individually.[3] Entering default

judgment against these defendants would not be proper under these circumstances.

Finally, default judgment is inappropriate at this time because there is nothing

in the record that convinces the Court that the defendants have intentionally delayed

this suit or engaged in contumacious conduct. *Taylor*, 859 F.2d at 1332.

---

[2]    It is unclear whether the DCT intended to waive any claim that service of process was insufficient on it. The response to the motion for default judgment states that the DCT has "not been served with the Complaint and Summons," Defs.' Resp. at 2, but later implies that the DCT (along with FPC Duluth) is "required to answer or otherwise respond to the Complaint no later than February 13, 2017," *id.* at 3.

[3]    Because the U.S. Marshal has been directed to serve the defendants pursuant to the Order granting Mr. Cooper permission to proceed *in forma pauperis*, Mr. Cooper was required to complete a Marshal Service Form (USM-285) for each of the defendants. The record is somewhat unclear whether Mr. Cooper completed these service forms in a manner that permitted each defendant to be served by the U.S. Marshal in precisely the manner required by the applicable provisions of Rule 4(i). By a separate order on today's date, this Court has set a status conference to address ongoing issues relating to service and to try and clarify the record.

### Recommendation

Consistent with the opinion above, the Court makes the following

recommendation:

1.    Mr. Cooper's Motion for Default Judgment **[ECF No. 17]** should be

**DENIED**.

Date: January 25, 2017                          *s/ Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.